CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 29 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JESUS MARIO DE LA O, ) | |
| ) | Criminal Action No. 5:09-cr-00042-1 |
| Petitioner, ) | Civil Action No. 5:11-cv-80338 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Respondent. ) | |

Jesus Mario De La O, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. De La O is challenging the validity of his confinement pursuant to the judgment of this court convicting him of conspiracy to possess with intent to distribute heroin. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed.[1]

A grand jury of this court returned a one-count indictment on November 19, 2009, charging that on or about April 27, 2009, Jesus Mario Delao, also known as De La O, and Jose Antonio Camacho conspired to possess with intent to distribute at least one kilogram of a mixture containing heroin. De La O pled guilty to this charge, pursuant to a written plea agreement, on April 5, 2010, just three days before he was scheduled to go to trial. The court sentenced him on June 7, 2010 to 87 months' imprisonment. He did not appeal. De La O then submitted this § 2255 motion, alleging that he received ineffective assistance of counsel at sentencing.

To prove that counsel's representation was so defective as to require reversal of the

---

[1]Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that the defendant is not entitled to relief.

conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. Id. at 689. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that, but for counsel's errors, the outcome would have been different. Id. at 694-95. If it is clear that the defendant has not satisfied one prong of the Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697.

De La O first complains that counsel failed to object when the probation officer used the 2008 edition of the United States Sentencing Manual (USSG) in preparing the presentence investigation report (PSR) "[w]ithout recognizing that the guidelines had been amended" in November 2010. The PSR, prepared in May 2010, indicates that the 2008 edition of the Guidelines Manual was used to prepare the report in De La O's case.

Contrary to De La O's assertions, he cannot base an ineffective assistance claim on the probation officer's failure to use the 2010 version of the Guidelines during the preparation of the PSR. First, De La O was sentenced on June 7, 2010—well before the 2010 version of the Guidelines went into effect on November 1, 2010. See U.S.S.G. § 1B1.11 (directing the court to use the version of the Guidelines in effect on the date that the defendant is sentenced, absent an ex post facto problem). Second, none of the Guideline provisions relevant to the defendant altered in any way between 2008 and 2010. Obviously, it was not incumbent upon De La O's

2

counsel to object to an issue which would have made no difference in the outcome of his sentence. Strickland, 466 U.S. at 694-95. Accordingly, De La O fails to state facts showing that counsel's failure to object was unreasonable or prejudicial under Strickland, and his § 2255 motion must be denied as to this claim.

Second, De La O complains that counsel did not object to the fact that De La O's sentence of 87 months was higher than the sentence of 33 months imposed on his codefendant. The PSR indicates that De La O received a base offense level of 34 as a result of the plea agreement stipulation that he should be held accountable for 5.5 kilograms of heroin. See U.S.S.G. § 2D1.1(c)(3) (assigning base offense level 34 to defendants responsible for 3-10 kilograms of heroin). He received a two-point reduction under the "safety valve" provision, U.S.S.G. §§ 5C1.2 and 2D1.1(b)(11), and a three-point reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), for a total offense level of 29. With a criminal history category of I, his guideline sentencing range was 87 to 108 months. He fails to demonstrate that any of these calculations was in error, and his sentence of 87 months was at the bottom of the range.

The codefendant in this case, on the other hand, pled guilty in January 2010, well before trial. Because the government recommended that he receive a lesser sentence based on his mitigating role in the offense, his base offense level was calculated at 31, pursuant to § 2D1.1(a)(3)(c)(ii). He also received a two-point reduction for his role in the offense, a safety valve reduction, and a reduction for acceptance of responsibility, for a total offense level of 24. With his criminal history category of I, his sentencing range was 51 to 63 months. In addition, the court granted the government's motion for a downward departure based on substantial

3

assistance. Because the sentencing facts applicable to the codefendant differed greatly from the facts applicable to De La O's sentence, the court cannot find any viable argument counsel could have made in support of equal sentences for the codefendants.

More to the point, the court is statutorily obligated to make "an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007) (emphasis added); United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). To this end, the court must consider the panoply of factors found in 28 U.S.C. § 3553(a), including the nature and circumstances of the defendant's participation in the offense, the history and characteristics of the defendant, the need to afford adequate deterrence and respect for the law, the applicable Guideline range, and the need to avoid "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id.

As is evident from the applicable authority, nothing dictates that codefendants in the same case receive identical sentences. On the contrary, the court is directed to consider the particular characteristics of each defendant, his participation in the offense, and his history and subsequent conduct. Cf. 28 U.S.C. § 3553(a); Gall, 552 U.S. at 50. Each of these factors will necessarily set each defendant apart from one another. In this case, it is plain from their respective presentence reports that De La O and his codefendant were not found guilty of identical conduct, nor did they exhibit the same degree of cooperation with the government or respect for the law once their activities came to light. It follows that any disparity between the sentences they received was not unwarranted. See ids. De La O's claim that his counsel was unconstitutionally ineffective in failing to urge otherwise must therefore fail both prongs of the Strickland standard.

Finally, De La O seeks to ground a constitutional claim in the fact that he "was under the

4

i[m]pression that he was pleading to the Second Count of the indictment as indicated by counsel and was to be given the same deal that his codefendant received." (Docket No. 80 at 10.) Again, however, De La O's assertions do not amount to a claim of ineffective assistance of counsel or to any other constitutional claim.

With regard to his asserted belief that he was pleading to Count Two of the Indictment rather than Count One, the court is cognizant of the fact that De La O possesses limited knowledge of the English language. Nevertheless, his guilty plea hearing was conducted via a Spanish-language interpreter, and De La O testified that he was thereby fully able to understand and participate in the proceeding. (Docket No. 63 at 2.) Not only did he enter into a plea agreement explicitly recounting the fact that he was pleading to Count One of the indictment (Docket No. 57), but he also stated in court that it was his intention to plead guilty to Count One (Docket No. 63 at 3, 8), and signed an acknowledgment that he was pleading guilty to Count One (Docket No. 59).

Moreover, De La O has not currently suffered any prejudice by pleading to Count One instead of Count Two. See Strickland, 466 U.S. at 694-95. Count One charged him with conspiracy to possess with intent to distribute one kilogram or more of heroin, while Count Two charged him with possessing with intent to distribute one kilogram or more of heroin. The statutory penalties and applicable guidelines for both offenses are the same. The relevant conduct—and the 5.5 kilogram weight of heroin attributed to him in the PSR—in no way differs between the two counts, as demonstrated by the fact that his codefendant pled guilty to Count Two but was assessed responsibility for the same 5.5 kilograms of heroin identified in De La O's PSR.

5

As for De La O's assertion that he believed he was to be given the same deal that his codefendant received, the record unambiguously demonstrates that De La O knew that the ultimate sentence that he would receive resided in the discretion of the court. See, e.g., Docket No. 63 at 6-7. As his plea agreement put it, De La O understood that "the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court . . . I understand the Court is not bound by any recommendation or stipulation and may sentence me up to the statutory maximum. I understand I will not be allowed to withdraw my plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement." (Docket No. 57 at 3.) De La O twice asserted at the time of his guilty plea that no one had made him any promises regarding the disposition of his sentence. (Docket No. 63 at 5, 9.)

Nor has De La O alleged that his counsel affirmatively promised him that he would receive the same sentence as his codefendant. Instead, De La O claims only that it was his "i[m]pression" that he "was to be given the same deal" that his codefendant received. (Docket No. 80 at 10.) Because he has alleged only that he believed that he would receive a different sentence than the one he ended up with—rather than that his guilty plea was predicated upon guarantees by his counsel as to a particular sentence—he has failed to state a constitutional claim. Cf. Allison v. Blackledge, 533 F.2d 894, 897 (4th Cir. 1976) (guilty plea would not be voluntary if induced "by his attorney's promise, which he was led to believe was made after consultation with the prosecutor and the judge, that he would receive a sentence of not more than ten years.").

For these reasons, the court concludes that De La O's § 2255 motion must be denied.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the

Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or of this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of the entry of the order dismissing his petition, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and to counsel of record for the government.

ENTER: This 28th day of July, 2011.

_____
Chief United States District Judge